UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT CSECH,<br><br>                    Plaintiff,<br><br>    v.<br><br>STEPHEN D. QUINN, et al.,<br><br>                    Defendants. | Case No. 3:13-cv-00263-MMD-WGC<br><br>ORDER |

This *pro se* prisoner civil rights case by a Nevada state inmate comes before the Court on plaintiff's application to proceed *in forma pauperis* (dkt. no. 1) and for initial review.

The papers submitted are subject to multiple defects.

First, plaintiff did not use the required form for a pauper application. Under Local Rule LSR 1-1, plaintiff must use the Court's current required form. Plaintiff used what appears to be a prior version of the current form that either has been retyped or is a copy of a copy several times over. Plaintiff must use the current form, which was revised effective July 21, 2008.

Second, plaintiff failed to attach the required attachments for a pauper application by a person in custody. Both a financial certificate properly executed by an appropriate institutional officer and a statement of the plaintiff's inmate trust fund account for the past six (6) months are required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2. Plaintiff attached neither.

Third, plaintiff may not commence a federal action by filing only a motion. He instead must file a complaint on the Court's required civil rights complaint form.

It does not appear from review of the allegations presented that a dismissal without prejudice of the present improperly-commenced action would lead to a promptly-filed new action being untimely or otherwise result in substantial prejudice. Neither the relief sought in the motion for preliminary injunction (see dkt. no. 1-1, at 13) nor the allegations therein read together with the exhibits submitted reflect that plaintiff likely will sustain imminent serious harm in the interim. For example, while plaintiff asserts that he improperly is being given Tylenol brand acetaminophen for headaches, the settlement colloquy attached with the motion clearly reflects that such non-opiod headache medication was permitted and proper. See dkt. no. 1-2, at electronic docketing pages 15-18 (transcript pages 9-12).[1]

Plaintiff accordingly will sustain no substantial prejudice from the dismissal of this improperly commenced action without prejudice.

It is therefore ordered that the application to proceed in forma pauperis (dkt. no. 1) is denied and that this action shall be dismissed without prejudice to the filing of a new complaint on the required form in a new action together with either a new pauper application with all required, and new, attachments or payment of the $350.00 filing fee.

The Clerk of Court shall send plaintiff a copy of the papers that he filed along with the complaint and pauper forms and instructions for both forms.

///

///

///

---

[1] Plaintiff's belief that he also improperly was given ibuprofen "containing" NSAID is unfounded. NSAID is an abbreviation for non-steroidal anti-inflammatory drug, which is a classification referring generically to a wide variety of medications administered for pain and other symptoms, including aspirin and ibuprofen. NSAID is not an ingredient, much less a harmful ingredient, but rather is a classification of a type of medication.

The conversion disorder referenced in the colloquy is a psychiatric disorder in which anxiety or stress is expressed as, or "converted" into, physical symptoms. See, e.g., Stedman's Concise Medical Dictionary, at 189 (3rd ed. 1997).

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED THIS 23rd day of December 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE